THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY FORZA,<br><br>            Plaintiff,<br><br>  v.<br><br>QUICK COLLECT, INC.,<br><br>            Defendant. | CASE NO. C21-1645-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to strike (Dkt. No. 8.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained below.

**I.    BACKGROUND**

On December 8, 2021, Plaintiff filed a complaint, alleging that Defendant sought to collect medical debt in violation of various state and federal laws. (Dkt. No. 1.) Defendant now moves to strike portions of Plaintiff's complaint under Federal Rule of Civil Procedure 12(f) because those portions are "immaterial and impertinent" to Defendant and the facts of this case. (Dkt. No. 8 at 1.)

**II.    DISCUSSION**

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion

to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotations omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations omitted). However, Rule 12(f) motions are viewed with disfavor by the courts and infrequently granted. *McDaniels v. Stewart*, 2017 WL 1543325, slip op. at 9 (W.D. Wash. 2017).

Like all motions, a motion to strike must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). "[A] sweeping, indiscriminate motion to strike, without any explanation as to how or why the targeted paragraphs are immaterial or redundant, does not contain the requisite particularity or otherwise clearly show that an order to strike is warranted." *Arias-Zeballos v. Tan*, 2006 WL 3075528, slip op. at 10 (S.D.N.Y. 2006) (internal quotations omitted); *see also McDaniels*, 2017 WL 1543325, slip op. at 9 (denying motion to strike where movant failed to show how striking the materials would avoid unnecessary expenditure or streamline litigation, or how the documents had no possible bearing on the case).

Defendant's motion fails to meet the particularity requirement or otherwise clearly show that an order to strike is warranted. Defendant has provided no analysis demonstrating why the paragraphs it moves to strike are immaterial and impertinent. Nor has Defendant shown how striking the identified paragraphs would avoid unnecessary expenditure or streamline litigation. Moreover, to the extent that the identified paragraphs detail recent developments concerning the collection of medical debts, Defendant has not averred that this background material is unduly prejudicial. *See Cortina v. Goya Foods, Inc.*, 94 F.Supp.3d 1174, 1182 (S.D. Cal. 2015) ("A court should not strike allegations supplying background or historical material unless it is unduly prejudicial to the opponent.")

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike (Dkt. No. 8) is DENIED.

DATED this 20th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE